**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DUSTIN E. SNYDER,**

**Petitioner,**

**v.** **Case No. 26-CV-1201**

**BRIAN CAHAK,**

**Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Dustin E. Snyder, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Snyder failed to use or substantially follow this court's standard form for a petition under 28 U.S.C. § 2254, as required by Rule 2(d), Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(1). More importantly, Snyder has not exhausted his remedies in state court. With respect to exhaustion, he states:

> Snyder has attempted to reach each of the courts and the District Attorney. The Supreme Court was the first to respond and filed Snyder's pleadings, though has declined to issue any official opinion or ruling; the Appeals court

> has fallen silent on the matter and has not commented in over a month. Snyder currently awaits a scheduled "status update" hearing in the trial court of Outagamie County, branch IV, as Snyder has submitted individual motions and a copy of this petition (slightly altered for the trial court), and currently waits. However, this Honorable court may hold Snyder's petition in abeyance until a decision is made or may indeed decide to take action as stated above.

(ECF No. 1 at 2-3.)

According to online records of the Outagamie County Circuit Court, *see* Case No. 2023CF001118, and the Wisconsin Court of Appeals, *see* Case No. 2025XX001437-CR, Snyder pled guilty to certain charges, the court dismissed other charges, and one count was subject to a deferred prosecution agreement, *see* Wis. Stat. § 971.37. The court sentenced Snyder to prison on the counts he pled guilty to, but because of the deferred prosecution agreement, the court entered only partial judgment, and the underlying action remains open in the circuit court. Snyder appealed the partial judgment, and his appeal remains pending in the court of appeals.

Except under very limited and rare circumstances, a court cannot grant a habeas petition unless the petitioner first exhausts his remedies in state court. *See* 28 U.S.C. § 2254(b)(1); *Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). Although exhaustion is an affirmative defense that the respondent may waive or forfeit, *see* *Martin v. Hepp*, No. 23-cv-594-pp, 2023 U.S. Dist. LEXIS 123259, at *5 (E.D. Wis. July 18, 2023) (citing *Day v. McDonough*, 547 U.S. 198, 199 (2006)), the court may dismiss the petition under Rule 4 when it is clear that a petitioner has failed to exhaust his available state court remedies, *see Wohlrabe v. Rybroeck*, No. 25-CV-1284,

2025 U.S. Dist. LEXIS 179932, at *2 (E.D. Wis. Sep. 15, 2025) (citing *Kennison v. Sheriff*, No. 1:25-CV-188-GSL-AZ, 2025 U.S. Dist. LEXIS 93934, at *1 (N.D. Ind. May 16, 2025); *It v. Mlodzik*, No. 25-CV-598-JPS, 2025 U.S. Dist. LEXIS 105738, at *3 (E.D. Wis. June 4, 2025)).

Exhaustion means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L.Ed.2d 1, 9 (1999). This requires the petitioner to present the claim to "the state courts in a procedurally proper manner." *Anquin St. Junious v. Wisconsin*, No. 26-cv-618-wmc, 2026 U.S. Dist. LEXIS 159019, at *3 (W.D. Wis. July 16, 2026) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004)).

Insofar as Snyder is suggesting that he has exhausted his state court remedies because the state courts have failed to act on his submissions, the argument fails. There is no indication that he has submitted a brief to the court of appeals, and therefore he has necessarily failed to present his claim to the court of appeals in a procedurally proper manner. Once briefing is completed in the court of appeals, that court will issue a decision, a process that may take many months. If Snyder fails to obtain the relief he seeks in the court of appeals, he may petition the Wisconsin Supreme Court for review. Only after the Wisconsin Supreme Court acts, if he remains unsuccessful, may he seek federal habeas relief. Snyder's impatience with

this process does not present a basis for bypassing the exhaustion requirement. Nor has Snyder shown that that "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or that "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii).

When a petitioner has failed to exhaust his state court remedies, the court must consider whether it is appropriate to stay or dismiss his petition. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Because Snyder's conviction has not yet become final, *see* 28 U.S.C. § 2244(d)(1), the one-year period of limitation has not yet begun to run. Accordingly, a stay is unnecessary, and the court will dismiss his petition and this action due to Snyder's failure to exhaust his state court remedies. Snyder has ample time to exhaust his state court remedies and, if necessary, return to this court.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Snyder a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists could not find this court's decision to be debatable, and therefore the court will deny a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition and this action are dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 6th day of August, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge